**LEWARD COTTON MILLS, Inc.,**
Petitioner,

v.

**COMMISSIONER OF INTERNAL REV-
ENUE,** Respondent.

No. 7380.

United States Court of Appeals
Fourth Circuit.

Argued April 9, 1957.

Decided May 27, 1957.

James L. Woodson, Salisbury, N. C. (H. Nelson Woodson, Salisbury, N. C., on brief), for petitioner.

Louise Foster, Attorney, Department of Justice, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., and Harry Baum, Attorney, Department of Justice, Washington, D. C., on brief), for respondent.

Before PARKER, Chief Judge, and SOPER and SOBELOFF, Circuit Judges.

SOPER, Circuit Judge.

The question involved is whether Leward Cotton Mills, Inc. is entitled, in computing its Federal income tax for the fiscal year ending August 31, 1950, to a deduction under § 23(b) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 23 (b) for interest paid on overdue income and excess profit taxes for the years 1942

1. 28 U.S.C.A. § 1292(1).

to 1946. While such interest is ordinarily deductible the deduction was disallowed in this case by the Tax Court because it held the view, under the circumstances to be described, that the interest had not been paid by the taxpayer itself but by another person on its behalf. Also involved is the question whether the taxpayer is entitled to a deduction for the fiscal year ending August 31, 1950, for interest paid under similar circumstances in the calendar year 1948 on overdue State incomes taxes for the years 1942 to 1946.

Leward Cotton Mills, Inc. is a North Carolina corporation engaged in the manufacture of textiles at Worthville, North Carolina. On November 19, 1947, it had outstanding 4400 shares of common stock of which 2515 shares were held by N. M. Harrison, 1759 shares by O. R. Blalock, one share by Nellie E. Blalock, and 125 shares by a trustee for the N. M. Harrison Foundation. On that day these shareholders sold all of their stock to R. S. Dickson and Company, Inc., so that it became the sole owner of all the stock of the corporation. The agreement of sale provided that the purchase price should be determined by the excess of the value of certain assets shown on the taxpayer's balance sheet for September 13, 1947, plus the agreed value of certain other assets, over and above any and all liabilities of the taxpayer corporation, including but not limited to liabilities shown on the books of the corporation for local, State and Federal taxes.

The agreement further provided that Harrison and Blalock represented and guaranteed to the buyer that the assets and liabilities were correctly stated on the balance sheet, and that there were no liabilities which were not shown on the balance sheet or books of the corporation; and Harrison and Blalock agreed that they would indemnify and save harmless the taxpayer and the buyer from any and all loss, liability or damage whatsoever on account of any liability or obligation of the taxpayer which was not shown on said balance sheet or not shown upon the books of the corporation, including any and all Federal, State or local taxes not shown on said balance sheet or upon the books of the corporation at the close of business on November 15, 1947. The guarantors were given the right in the name of the taxpayer corporation to contest the validity of any tax against the corporation for which they would be liable under the foregoing agreement, and they were given the right to prosecute in the name of the taxpayer its pending claim for refund of certain Federal taxes theretofore paid, and the refund if recovered was to be paid to them.

Early in 1948 it became known, as a result of an examination of the taxpayer's income and profits tax returns for the calendar years 1942 to 1946, that additional taxes for some or all of those years with interest would be asserted against the taxpayer by the Commissioner. Accordingly, on April 27, 1948, Harrison and Blalock at the direction of R. S. Dickson and Company, Inc. and in accordance with the terms of the agreement of sale, deposited certified checks in the sum of $330,750 with the Collector of Internal Revenue in North Carolina to the credit of the taxpayer in a suspense account with the understanding that the money would be applied to any taxes and interest thereon determined to be due from the taxpayer for the years in question.

On September 29, 1949, deficiencies in income and excess profit taxes and interest for said year totaling $291,351.94 were assessed against the taxpayer and demand for such liabilities was made upon it by the Commissioner. This amount included interest in the sum of $34,136.05. On October 11, 1949, the Commissioner transferred enough of the funds deposited in the suspense account to satisfy the assessment in full.

On June 5, 1948, Harrison and Blalock at the direction of Dickson and in accordance with the terms of the sales agreement also paid additional income taxes and penalties due to the State of North Carolina by the taxpayer for the

years 1942 to 1946 with interest thereon in the sum of $2,967.35.

The taxpayer in its Federal tax return for the fiscal year ending August 31, 1950, claimed a deduction of $34,136.05 for interest paid on its additional Federal taxes and a deduction of $2,967.35 for interest paid on its additional State income taxes for the years 1942 to 1946; but the Commissioner disallowed these items as deductions.

The taxpayer placed entries on its books in the fiscal year ending August 31, 1950, reflecting a charge to earned surplus for the amount of the deficiencies in the Federal taxes and interest assessed against it, as above set out, and credited capital surplus for the aggregate amount.

The Tax Court sustained the Commissioner's determination. The court held that Harrison and Blalock and not the taxpayer paid the interest moneys claimed as deductions, that no consideration passed from the taxpayer to its former stockholders in return therefor, and that the taxpayers suffered no economic loss or reduction in assets and therefore was not entitled to a deduction for interest.

As to the interest on the State tax obligations, the Commissioner also contends that the taxpayer was not entitled to a deduction for the fiscal year ending August 31, 1950, because the money was paid on June 5, 1948, and hence did not fall within the provisions of the statute allowing a deduction for interest paid or accrued within the taxable year.

We think that the Tax Court was in error in its interpretation of the undisputed facts relating to the payments made by Harrison and Blalock. The indemnity provision of the sales agreement was made not only for the benefit of the buyer of the stock but also for the benefit of the taxpayer corporation itself, since the agreement expressly provided that the sellers would indemnify and save harmless "the said Leward Cotton Mills, Inc. and R. S. Dickson and Company, Inc." Harrison and Blalock as the owners of 97 per cent of the stock had complete control of the corporation before and at the time of the sale and were possessed of full knowledge as to the financial status of the corporation at that time. Representing that this was correctly portrayed in the books of the company, they agreed to make it good if their statements subsequently proved to be incorrect. When this contingency actually occurred they kept their promise by depositing funds to the credit of the corporation and thus restoring the financial status which they had guaranteed. All this was done with the consent and at the direction of the purchaser, the other party to the agreement of sale, and thereby the parties gave a practical demonstration of their understanding of the contract. Hence, we hold the view that the money deposited with the Collector, to the extent that it was necessary to pay the Federal tax obligations of the taxpayer, became the property of the corporation and that the amount of the interest paid therefrom in the taxable year ending August 31, 1950 was deductible from the income for that taxable year. We are not dissuaded from this view by the decision in Hanna Furnace Corp. v. Kavanagh, D.C.E.D.Mich., 42 AFTR 1312, insofar as it may differ from the views expressed herein.

As to the interest on the State tax obligations, it appears that this was paid on June 5, 1948, which was not within the taxable year. Taxpayer contends, however, that payment was made to stop the further running of interest and that the tax liability, under the North Carolina practice, was not determined until the Federal Government had made its determination, which was accepted by the State authorities and determination made accordingly within the tax year in question. The record is silent as to the practice here relied upon by taxpayer and nothing is called to our attention of which we can take judicial notice. We express no opinion upon the question so raised but in all fairness we think it should be passed upon by the Tax Court.

As to the deduction for interest on Federal taxes, the decision of the Tax Court is reversed and the case remanded

with direction to allow the deduction claimed by taxpayer. As to the deduction for interest on State taxes, the decision of the Tax Court is vacated and the case remanded for further proceedings not inconsistent herewith.

Reversed and remanded with directions.